JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Yolanda Watson<br>445 West Ritner Street<br>Philadelphia, PA 19148 | Homewood Suites by Hilton<br>4109 Walnut Street<br>Philadelphia, PA 19104 |

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Graham F. Baird, Law Office of Eric A. Shore
2 Penn Center, 1500 JFK Blvd, Suite 1240, Philadelphia PA 19102
Tel: 267-546-0131

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability<br>[ ] 196 Franchise | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury<br>[ ] 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>[ ] 365 Personal Injury - Product Liability<br>[ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 690 Other | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 835 Patent - Abbreviated New Drug Application<br>[ ] 840 Trademark<br>[ ] 880 Defend Trade Secrets Act of 2016 | [ ] 375 False Claims Act<br>[ ] 376 Qui Tam (31 USC 3729(a))<br>[ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 480 Consumer Credit (15 USC 1681 or 1692)<br>[ ] 485 Telephone Consumer Protection Act<br>[ ] 490 Cable/Sat TV<br>[ ] 850 Securities/Commodities/ Exchange<br>[ ] 890 Other Statutory Actions |
| **REAL PROPERTY**<br>[ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | **CIVIL RIGHTS**<br>[ ] 440 Other Civil Rights<br>[ ] 441 Voting<br>[X] 442 Employment<br>[ ] 443 Housing/ Accommodations<br>[ ] 445 Amer. w/Disabilities - Employment<br>[ ] 446 Amer. w/Disabilities - Other<br>[ ] 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>[ ] 463 Alien Detainee<br>[ ] 510 Motions to Vacate Sentence<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>**Other:**<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition<br>[ ] 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>[ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Management Relations<br>[ ] 740 Railway Labor Act<br>[ ] 751 Family and Medical Leave Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Employee Retirement Income Security Act<br><br>**IMMIGRATION**<br>[ ] 462 Naturalization Application<br>[ ] 465 Other Immigration Actions | **SOCIAL SECURITY**<br>[ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS—Third Party 26 USC 7609 | [ ] 891 Agricultural Acts<br>[ ] 893 Environmental Matters<br>[ ] 895 Freedom of Information Act<br>[ ] 896 Arbitration<br>[ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>[ ] 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
(42 U.S.C.A. § 2000e-3(a))

Brief description of cause:
TITLE VII CLAIM—RETALIATION

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ 150,000

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE  11/11/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

## <u>CASE MANAGEMENT TRACK DESIGNATION FORM</u>

|  |  |  |
|---|---|---|
| | : | CIVIL ACTION |
| Yolanda Watson | : | |
| v. | : | |
| Homewood Suites by Hilton, et al | : | |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)   In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
 and Human Services denying plaintiff Social Security Benefits.                                  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
 exposure to asbestos.                                                                            ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
 commonly referred to as complex and that need special or intense management by
 the court.  (See reverse side of this form for a detailed explanation of special
 management cases.)                                                                              ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.               (X )

| | | |
|---|---|---|
| 11/11/2021 | Graham F. Baird | Yolanda Watson |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 267-546-0131 | 215-944-6124 | GrahamB@ericshore.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___445 West Ritner Street, Philadelphia, PA 19148___

Address of Defendant: ___4109 Walnut Street, Philadelphia, PA 19104___

Place of Accident, Incident or Transaction: ___4109 Walnut Street, Philaelphia, PA 19104___

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: ___11/11/2021___   _____   ___92692___
　　　　　　　　　　　　　　 *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**　*Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☒ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
　　 *(Please specify):* _____

**B.**　*Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
　　 *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, ___Graham F. Baird___, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: ___11/11/2021___   _____   ___92692___
　　　　　　　　　　　　　　 *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

|  |  |  |
|---|---|---|
| YOLANDA WATSON | : | |
| 445 West Ritner Street | : | JURY DEMANDED |
| Philadelphia, PA 19148 | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | |
| | : | No. |
| HOMEWOOD SUITES BY HILTON | : | |
| 4109 Walnut Street | : | |
| Philadelphia, PA 19104 | : | |
| | : | |
| And | : | |
| | : | |
| HERSHA HOSPITALITY | : | |
| MANAGEMENT, LP | : | |
| 44 Hersha Drive | : | |
| Harrisburg, PA 17102 | : | |
| | : | |
|     Defendants. | : | |

_____:_____

## <u>CIVIL ACTION COMPLAINT</u>

**I.  Parties and Reasons for Jurisdiction.**

      1.     Plaintiff, YOLANDA WATSON (hereinafter "Plaintiff") is an adult individual

residing at the above address.

      2.     Defendant, HOMEWOOD SUITES BY HILTON (hereinafter "Hilton") is a

business corporation organized by and operating under the laws of the Commonwealth of

Pennsylvania and having a headquarters at the above captioned address.

      3.     Defendant, HERSHA HOSPITAL MANAGEMENT, LP (hereinafter "Hersha")

is a business corporation organized by and operating under the laws of the Commonwealth of

Pennsylvania and having a headquarters at the above captioned address.  Both Defendants are

hereinafter referred to as "Defendants."

4.      At all times material hereto, Defendants qualified as Plaintiff's employer pursuant to Title VII of the Civil Rights Act and as defined under Pennsylvania law.

5.      This action is instituted pursuant to the United States Civil Rights Act and the Pennsylvania Human Relations Act.

6.      Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

7.      Supplemental jurisdiction over the Plaintiff's state law claim is conferred pursuant to 28 U.S.C. § 1367.

8.      Plaintiff has exhausted his administrative remedies pursuant to the Equal Employment Opportunity Act and the Pennsylvania Human Relations Act.  (See Exhibit A, a true and correct copy of a "right-to-sue" letter issued by the Equal Employment Opportunity Commission.)

9.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants conduct business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working in the Eastern District of Pennsylvania at the time of the illegal actions by Defendants as set forth herein.

**II.  Operative Facts.**

10.     Plaintiff is an African-American woman.

11.     On or about March 4, 2020, Defendants hired Plaintiff as the Director of Housekeeping, working out of Defendants' Philadelphia, Pennsylvania location captioned above.

12.     Beginning on the first day of her employment, Plaintiff was subjected to sexual harassment from Defendants' general manager, Jeff Cafferty.

13.     Mr. Cafferty would send inappropriate text messages of a sexual nature to Plaintiff on her personal cell phone on her days off.

14.     Mr. Cafferty also made racial jokes regarding Plaintiff's hair, such as asking "is that your real hair?" as well as commenting on her body, stating that she needed to gain weight, and "get thicker."

15.     On or about August 19, 2020, Plaintiff had a meeting with Mr. Cafferty to address the issues, at which time Mr. Cafferty told Plaintiff that if she performed a sexual favor for him, then "everything would be fine" and she "wouldn't have anything to worry about"; Plaintiff declined.

16.     Plaintiff reported Mr. Cafferty's conduct to Defendants' Human Resources representative Joseph Heck, as well as to Amanda Pulsifer in Defendants' corporate office.

17.     After Plaintiff rebuffed Mr. Cafferty's advances, Mr. Cafferty began criticizing her job performance.

18.     Upon information and belief, Mr. Cafferty typed up false assessments of Plaintiff's performance and issued Plaintiff a Performance Improvement Plan.

19.     On or about August 24, 2020, Plaintiff sent another email to Mr. Heck complaining that Mr. Cafferty was trying to sabotage her department in retaliation and that he was creating a hostile work environment.

20.     Plaintiff additionally began to attend therapy appointments due to the hostile work environment she was being subjected to.

21.     Mr. Heck's response to Plaintiff was that he "did not see anything wrong with Mr. Cafferty's behavior" and asked Plaintiff if she "wanted to keep her job".

22.     Upon information and belief, no action was taken against Mr. Cafferty.

23.     On or about September 14, 2020, Plaintiff was scheduled working on her own with no additional help.

24.     Mr. Cafferty assigned Plaintiff thirteen (13) rooms to clean without assistance.

25.     Plaintiff responded that as she was working on her own she could not do all of the rooms without assistance.

26.     On September 16, 2020, Mr. Cafferty terminated Plaintiff's employment.

27.     Defendant's motivation in terminating Plaintiff's employment was her race and complaints of racial discrimination and sexual harassment.

28.     As a direct and proximate result of Defendants' conduct in terminating Plaintiff, he sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

## III.  Causes of Action.

## COUNT I--TITLE VII CLAIM--RETALIATION
### (42 U.S.C.A. § 2000e-3(a))

29.     Plaintiff incorporates paragraphs 1-28 as if fully set forth at length herein.

30.     At set forth above, Plaintiff, made complaints to Defendants concerning racially derogatory statements and sexually harassing conduct that was being directed towards her.

31.     In retaliation for making these complaints, Defendants took adverse action against Plaintiff by terminating her employment.

32.     Plaintiff's participation in protected activity under Title VII was a motivating factor in Defendants' decision to terminate her employment.

33.     As such, Defendants' decision to terminate Plaintiff's employment is a retaliatory action contemplated by Civil Rights Act of 1964, § 704(a).

34.    As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

35.    As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

36.    Pursuant to the Civil Rights Act of 1964, § 704(a), 42 U.S.C. §2000e-3(a), et seq Plaintiff demands attorneys fees and court costs.

## COUNT II – EMPLOYMENT DISCRIMINATION
### (42 U.S.C.A. § 2000e-2(a))

37.    Plaintiff incorporates paragraphs 1-36 as if fully set forth at length herein.

38.    Defendants took adverse action against Plaintiff by terminating her employment.

39.    Plaintiff's status as an African-American woman places her in a protected class.

40.    Plaintiff was subjected to a hostile work environment during her employment with Defendants.

41.    Plaintiff's membership in a protected class was a motivating factor in Defendants' decision to terminate her employment.

42.    Plaintiff suffered disparate treatment by Defendants, as set forth above.

43.    As such, Defendants' decision to terminate Plaintiff's employment is an unlawful employment practice, under 42. U.S.C. § 2000e-2(a).

44.    As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost

opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional

distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff

has also sustained work loss, loss of opportunity, and a permanent diminution of earning power

and capacity and a claim is made therefore.

45.     As a result of the conduct of Defendants' owners/management, Plaintiff hereby

demands punitive damages.

46.     Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq Plaintiff

demands attorneys fees and court costs.

## COUNT III--VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### (Hostile Work Environment; 42 U.S.C.A. § 2000 et seq)

47.     Plaintiff incorporates paragraphs 1-46 as if fully set forth at length herein.

48.     Defendants employed fifteen (15) or more employees in 2020.

49.     As described above, Plaintiff was subjected to unwelcome sexual advances,

language, innuendo, statements, and/or other conduct, by her manager, Mr. Cafferty, all while

being employed by Defendants.

50.     The aforementioned actions and conduct were severe, pervasive and continuous,

and created a hostile work environment for Plaintiff.

51.     Defendants' conduct, as set forth above, violated Title VII of the Civil Right Act

of 1964.

52.     As a proximate result of Defendants' conduct, Plaintiff sustained significant

damages including by not limited to: great economic loss, future lost earning capacity, lost

opportunity, lost future wages, loss of front pay and back pay, as well as emotional distress,

mental anguish, humiliation, personal injury type damages, pain and suffering, consequential

damages, as well as a work loss, loss of opportunity and a permanent diminution of her earning

power and capacity, and a claim is made therefore.

## COUNT IV--PENNSYLVANIA HUMAN RELATIONS ACT

**43 Pa.C.S.A. §951, et seq.**

53.     Plaintiff incorporates paragraphs 1-52 as if fully set forth at length herein.

54.     As set forth above, Plaintiff is a member of a protected class.

55.     Defendants terminated Plaintiff's employment.

56.     As set forth above, a motivating factor in the decision to terminate Plaintiff's employment was Plaintiff's complaints regarding a pattern of racially discriminatory conduct on the part of the employer.

57.     Plaintiff's membership in a protected class was a motivating factor in Defendants' decision to terminate her employment.

58.     Plaintiff suffered disparate treatment by Defendants, as set forth above.

59.     Plaintiff was subjected to a hostile work environment, as described above.

60.     As such, Defendants have violated the Pennsylvania Human Relations Act, 43 Pa.C.S.A. §951, et seq.

61.     As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

62.     Plaintiff demands attorneys' fees and court costs.

## IV.  Relief Requested.

**WHEREFORE,** Plaintiff, YOLANDA WATSON demands judgment in her favor and against Defendants, HOMEWOOD SUITES BY HILTON and HERSHA HOSPITALITY MANAGEMENT, LP, in an amount in excess of $150,000.00 together with:

A.  Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B.  Punitive damages;

C.  Attorneys fees and costs of suit;

D.  Interest, delay damages; and,

E.  Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY:_____

**GRAHAM F. BAIRD, ESQUIRE**
Two Penn Center
1500 JFK Boulevard,  Suite 1240
Philadelphia, PA 19102

Attorney for Plaintiff, Yolanda Watson

Date:_ 11/11/2021_

# EXH. A

EEOC Form 161-B (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:  **Yolanda Watson**
**445 Ritner Street**
**Philadelphia, PA 19148**

From:  **Philadelphia District Office**
**801 Market Street**
**Suite 1000**
**Philadelphia, PA 19107**

[ ]  *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2020-05707** | **Legal Unit,**<br>**Legal Technician** | **(267) 589-9700** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge.  It has been issued at your request.  Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

[ X ]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[ X ]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

[ ]  The EEOC is closing your case.  Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.**  Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):**  You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Dana R. Hutter*

**Dana R. Hutter,**
**Deputy Director**

August 17, 2021

Enclosures(s)

*(Date Issued)*

cc:  **Joseph Heck**
**VP of People Support**
**HERSHA HOSPITALITY MANAGEMENT**
**510 Walnut Street., 9th Floor**
**Philadelphia, PA 19106**

**Scott Johnson**
**LAW OFFICES OF ERIC SHORE**
**TWO PENN CENTER, SUITE 1240**
**1500 JFK BOULEVARD**
**Philadelphia, PA 19102**

Enclosure with EEOC
Form 161-B (11/2020)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

## PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

## ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**.  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Enclosures(s)

cc: